UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MALIBU MEDIA, LLC,**

    **Plaintiff,**

vs.                                                  Case No. 8:14-CV-1567-T-33EAJ

**JOHN DOE subscriber assigned**
**IP address 96.254.50.115,**

    **Defendant.**
_____/

## ORDER

Before the Court is Plaintiff's **Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference**. (Dkt. 5)  Plaintiff Malibu Media, LLC ("Plaintiff") alleges copyright infringement against an unnamed Defendant ("Doe Defendant"), who unlawfully accessed twenty-nine (29) of Plaintiff's movies ("Works").  Plaintiff seeks to subpoena Verizon FiOS, Doe Defendant's Internet Service Provider ("ISP") to obtain Doe Defendant's name and other identifying information.

## Background

Plaintiff holds copyright in the Works, which were registered[1] by the U.S. Copyright Office between February 17, 2012 and April 29, 2014.  Plaintiff alleges that Doe Defendant used a BitTorrrent[2] file sharing protocol to download, reproduce, and distribute the Works to numerous third parties without Plaintiff's consent or permission.  Through an investigation, Plaintiff

---

[1] The Works are listed in exhibits attached to Plaintiff's Complaint. (Dkt. 1 Ex. 2)

[2] BitTorrent is a peer-to-peer file sharing protocol that involves breaking a large file, such as a movie, into many small pieces that can be transferred more readily. (Dkt. 1 ¶ 11-14)

determined that the Internet Protocol ("IP") address involved in the infringing conduct was 96.254.50.115. (Dkt. 1 Ex. 1)  Plaintiff then correlated this IP address to a specific ISP.[3]  Here, Plaintiff seeks leave to subpoena the ISP to obtain the true name of Doe Defendant who is registered to the IP address, along with Doe Defendant's address, telephone number, and email address.

## Good cause for expedited discovery

Discovery is normally prohibited before the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1).[4] However, a court may allow expedited discovery prior to the Rule 26(f) conference upon a showing of good cause. See, e.g., Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc., No. 8:08-cv-310-T-27-MAP, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008) (applying good cause standard but denying expedited discovery where movant failed to show good cause).  In cases involving infringement via the internet, courts often evaluate good cause by considering factors such as the concreteness of the plaintiff's prima facie case of infringement; the specificity of the discovery request; the absence of alternative means to obtain the subpoenaed information; and the need for the subpoenaed information to advance the claim. See generally Arista Records v. Doe 3, et al., 604 F.3d 110, 119 (2d Cir. 2010) (citing Sony Music Entm't v. Does 1-40, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)).

---

[3] The ISP is Verizon FiOS. (Dkt. 5  Ex. 1 at 3)

[4] The rule provides:

A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Fed. R. Civ. P. 26(d)(1).

Plaintiff has alleged ownership of copyright in the Work and submitted supporting evidence of infringement, establishing a prima facie showing of copyright infringement. Moreover, Plaintiff asserts that good cause is shown because physical evidence of infringement will be destroyed as ISPs typically retain their user activity logs for limited periods of time. If the information is erased, Plaintiff will be unable to link the IP address to Doe Defendant and pursue its infringement lawsuit. In situations where "time is of the essence," courts have found good cause to grant expedited discovery. Arista Records LLC v. Does 1–7, No. 3:08-CV-18(CDL), 2008 WL 542709, at *1 (M.D. Ga. Feb. 25, 2008) (citation omitted).

Additionally, Plaintiff explains that it has no other way to obtain Doe Defendant's identity. Moreover, Plaintiff's request is specific in that it is limited to basic information such as Doe Defendant's name and address. Plaintiff also asserts that granting early discovery does not prejudice Doe Defendant because internet users have no expectation of privacy in the subscriber information that they voluntarily submit it to their ISPs. See CineTel Films, Inc. v. Does 1-1,052, 853 F. Supp. 2d 545, 555-56 (D. Md. 2012) (citation omitted).

Plaintiff has identified Doe Defendant by the IP address that was involved in the infringing activity and its associated ISP. Because only ISPs can connect a given IP address with a named individual, Plaintiff has no other means to uncover Doe Defendant's identity. Additionally, Plaintiff demonstrated a need for the discovery as it may lose the ability to pursue its infringement case if it does not timely obtain Doe Defendant's identifying information. Moreover, without identifying Doe Defendant, Plaintiff cannot issue a summons and serve Doe Defendant in this lawsuit. Without participation by Doe Defendant, there can be no meaningful Rule 26(f) conference. Accordingly, Plaintiff has established good cause for proceeding with expedited discovery prior to the Rule 26(f)

conference.

## **Procedural protections**

Still, the Court recognizes that the individual who pays for internet access at a given IP address may not be the same individual who engaged in the infringing activity. There is a risk that a non-infringing party could be identified and served. As one court observed:

> By defining Doe Defendants as ISP subscribers who were assigned certain IP addresses, instead of the actual Internet users who allegedly engaged in infringing activity, Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed.

SBO Pictures, Inc. v. Does 1–3036, No. 11-4220 SC, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011) (internal quotation and citation omitted). Additionally, the sensitive subject matter at issue must be considered. "It would be unrealistic to ignore the nature of plaintiffs' allegations – to wit: the theft of pornographic films – which distinguish these cases from garden variety copyright actions." In Re BitTorrent Adult Film Copyright Infringement Cases, 296 F.R.D. 80, 90 (E.D.N.Y. 2012). At the same time, the privacy concerns of non-infringers are not sufficient to deny Plaintiff access to the discovery sought because, without it, Plaintiff cannot proceed with its case. Therefore, certain procedural protections are warranted before any identifying information is made public.[5]

Accordingly, and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1)   Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Dkt. 5) is **GRANTED** as set forth in this Order;

(2)   Plaintiff may serve the ISP identified above with a Rule 45 subpoena

---

[5] For guidance, the Court has reviewed the procedural protections delineated in Malibu Media, LLC v. John Does 1-22, No. 12-cv-1074-T-23-AEP (M.D. Fla. July 9, 2012) and In Re BitTorrent, 296 F.R.D. at 93.

      commanding the ISP to provide Plaintiff with the true name, current and permanent addresses, telephone number, and e-mail address of the Doe Defendant identified in the Complaint. Plaintiff may also serve a Rule 45 subpoena on any ISP identified in response to a subpoena as a provider of internet services to Doe Defendant. Plaintiff shall attach a copy of the Complaint (Dkt. 1) and this Order to any subpoena(s) issued pursuant to this Order;

(3)    An ISP shall have twenty-one (21) days from service of the subpoena to notify Doe Defendant that his or her identifying information is being sought pursuant to a Rule 45 subpoena. An ISP shall provide a copy of this Order with the notification;

(4)    Doe Defendant shall have fourteen (14) days from the date of notification to move to quash or otherwise object to Plaintiff's subpoena;

(5)    An ISP shall produce the information sought to Plaintiff no later than twenty-one (21) days after notification to Doe Defendant pursuant to paragraph three (3) above;

(6)    Plaintiff shall use the information obtained pursuant to the subpoena only for the purpose of protecting and enforcing Plaintiff's rights as set forth in the Complaint;

(7)    Additionally, Plaintiff shall adhere to the following procedures:

        a.    In all written or oral communications with Doe Defendant, Plaintiff's attorneys shall identify themselves as representing Plaintiff and not representing the interests of Doe Defendant and

                    must inform Doe Defendant that any statements made by Doe Defendant may be used against Doe Defendant;

      b.      If Doe Defendant contacts Plaintiff, Plaintiff shall inform Doe Defendant of his/her right to hire legal counsel to represent him/her in this matter;[6]

      c.      At any time, Doe Defendant may inform Plaintiff by phone or written communication that he or she does not want any further communication with Plaintiff until Plaintiff serves Doe Defendant in this matter;

      d.      Plaintiff must notify in writing Doe Defendant, or his or her counsel if represented, of Plaintiff's intent to name and serve Doe Defendant at least fourteen (14) days prior to seeking issuance of a summons from the Clerk for the identified Doe Defendant;

(8)      Further, Plaintiff and any ISP that receives a subpoena shall confer, if necessary, with respect to the issue of payment for the information requested in the subpoena or for resolution of IP addresses that are not controlled by such ISP, duplicate IP addresses that resolve to the same individual, other IP addresses that do not provide the name and other information requested of a unique individual, or for the ISP's internal costs to notify its customers;

---

[6] A civil litigant does not have an absolute right to appointment of counsel. Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). "The appointment of counsel is instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Id.

(9)     Any ISP that receives a subpoena and elects to charge for the costs of production shall provide Plaintiff with a billing summary and any cost reports that serve as a basis for such billing; and

(10)    The subpoenaed ISP shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

**DONE AND ORDERED** in Tampa, Florida, this 18th day of August, 2014.

_____
ELIZABETH A JENKINS
United States Magistrate Judge